**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**WILLIAM AMAN,**

    **Plaintiff,**

                                                             **Case No.:**

**vs.**

**C. R. CHICKS VILLAGE, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM AMAN, by and through his undersigned counsel, sues Defendant, C.R. CHICKS VILLAGE, LLC, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2. Venue lies within United States District Court for the Southern District of Florida, West Palm Beach Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. At all times material herein, Plaintiff, WILLIAM AMAN (hereinafter referred to as "Plaintiff"), is/was a resident of Palm Beach County, Florida.

4. At all times material herein, Defendant, C.R. CHICKS VILLAGE, LLC, (hereinafter referred to as "Defendant"), is/was a Florida Limited Liability Company, authorized and doing business in this judicial district.

5. Defendant, C.R. CHICKS VILLAGE, LLC, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITIES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. More than 180 days have passed since the filing of the aforementioned Charge.

9. Plaintiff has received the Notice of Right to Sue from the EEOC.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

11. At all times material herein, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer – the Defendant.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendant on or about May 8, 2023 as a Restaurant Manager.

14. On his job application, Plaintiff disclosed that he suffers from severe Irritable Bowel Syndrome (IBS) which requires him to use the restroom frequently. Plaintiff also informed Defendant that he has two bulging discs in his neck due to a car accident.

15. On or about March 17, 2024, Plaintiff's IBS symptoms worsened during a 12 hour shift which required him to use the bathroom often. This did not affect Plaintiff's work though.

16. The following day, on or about March 18, 2024, Ronald Reynhout (General Manager/Store Owner) began raising his voice to Plaintiff and told Plaintiff that he was fired for taking too many bathroom breaks. Plaintiff believes this was all recorded by the cameras.

17. Plaintiff's co-workers, Josh (Counter Service/last name unknown), Sebastian (Line Cook/last name unknown) and Jean (Line Cook/last name unknown) were present and witnessed Plaintiff's termination.

## COUNT I
## <u>AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 – DISABILITY DISCRIMINATION</u>

18. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 17.

19. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

20. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

21. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated Plaintiff because of his disability, record of a disability and/or perceived disability.

22. Defendant failed to provide Plaintiff with a reasonable accommodation to its leave policy which resulted in Plaintiff's constructive discharge on the basis of his disability, record of a disability and/or perceived disability.

23. The above-described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

24. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

25. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, WILLIAM AMAN, prays for judgment against Defendant and for the following damages:

- a. Back pay and benefits;
- b. Prejudgment interest on back pay and benefits;
- c. Front pay and benefits;
- d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;
- e. Punitive damages;
- f. Attorney's fees and costs; and
- g. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

26. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 17.

27. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

28. Plaintiff is an individual with a disability.

29. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability, record of a disability and/or perceived disability.

30. Defendant failed to provide Plaintiff with a reasonable accommodation to its leave policy which resulted in Plaintiff's constructive discharge on the basis of his disability, record of a disability and/or perceived disability.

31. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

32. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

33. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, WILLIAM AMAN, prays for judgment against Defendant and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

  e. Punitive damages;

  f. Attorney's fees and costs; and

  g. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

34. Plaintiff requests a jury trial on all issues so triable.

**DATED:** February 17th, 2025.

      **FLORIN | GRAY**

      */s/ Troy E. Longman, II*_____
      **TROY E. LONGMAN, II, ESQUIRE**
      Florida Bar No.: 1031921
      tlongman@floringray.com
      **WOLFGANG M. FLORIN, ESQUIRE**
      Florida Bar No.: 907804
      wolfgang@floringray.com
      16524 Pointe Village Drive, Suite 100
      Lutz, FL 33558
      Telephone (727) 254-5255
      Facsimile (727) 483-7942

      *Trial Attorneys for Plaintiff*